EDGERTON *against* ASPINWALL.

October 27.

In an action brought by *A.* on the following writing, executed by *B.*—" I, for value received, promise to pay *A.* 300 dollars, in twelve months from date, with the annual interest till the principal is paid : which note has the following agreement annexed—It is agreed and fully understood, that said note is to be paid within four days after such time, as *A.* shall secure to *C.* 300 dollars more than the above note, either in real or personal estate ; and it is further agreed and fully understood, that the consideration of the above note and security, is for the purpose of indemnifying *C.* that his wife *D.* shall not, in any way or manner, be chargeable to him ; and *A.* having this day given a bond to *C.*, for the above purpose, if *A.* fulfils on his part, or at the decease of *D.*, the above note is to be paid to *A.*, with the above additional sum of 300 dollars, to him or his heirs"—it was held, 1. that the undertaking of *B.* to pay the principal sum specified in the writing, was upon condition, that *A.* should give the security prescribed, and that *A.* could not recover that sum, without shewing performance of such condition ; but 2. that the undertaking of *B.* to pay the interest annually, was absolute, and *A.* was entitled to recover it, independently of the principal.

THIS was an action on a promissory note, with a condition annexed, commenced in *February*, 1819.

*Windham,*
*October,*
*1820.*

*Edgerton*
*v.*
*Aspinwall.*

The declaration stated, " That the defendant, in and by a certain writing or note, under his hand, by him well executed, dated the 22d day of *April,* 1814, promised the plaintiff to pay to him, for value received, the sum of 300 dollars, in twelve months from date, with the annual interest until the interest is paid." The writing was then recited; after which the plaintiff averred, " that he had kept and performed all conditions, contracts and promises, in said writing contained, incumbent on him to keep and perform ; yet, that the defendant, his promise aforesaid not regarding, had not performed the same, nor had he fulfilled his said promises, contained in said note and writing, nor had he paid the interest that had arisen on said note."

The cause was tried at *Windham, January* term, 1820, before *Brainard,* J.

On the trial, the only evidence adduced by the plaintiff, in support of his action, was the writing declared on ; the execution of which was admitted. That writing was as follows : " *Mansfield, April* 22nd, 1814. I, for value received, promise to pay *John Edgerton* 300 dollars, in twelve months from date, with the annual interest till the principal is paid : which note has the following agreement annexed—It is agreed and fully understood, that said note is to be paid within four days after such time as the said *John Edgerton* shall secure to *Peter Aspinwall* 300 dollars, more than the above note, either in real or personal estate ; and it is further agreed and fully understood, that the consideration of the above note and security, is for the purpose of indemnifying said *Peter Aspinwall,* that his wife, *Ruth Aspinwall,* shall not, in any way or manner, be chargeable to said *Peter :* and said *John Edgerton* having this day given a bond to said *Peter,* for the above purpose, if said *John* fulfils on his part, or at the decease of said *Ruth,* the above note is to be paid to said *John,* with the above additional sum of 300 dollars, to him or his heirs. *Thomas Aspinwall.*" On this note the interest for the years ending the 22nd of *April,* 1815, and the 22nd of *April,* 1816, was endorsed.

The only question was, whether by force of this writing, the plaintiff was entitled to recover. The judge instructed the jury, that the legal construction of it was such, that the plaintiff had no right to recover thereon ; and directed them to return a verdict for the defendant ; which they accordingly did.

The plaintiff moved for a new trial, on the ground of a misdirection ; and the judge reserved the motion.

*Lanman* and *Hayward,* in support of the motion, contended, 1. That the plaintiff was entitled to recover the principal sum of 300 dollars.    The contract is without condition as to the payment of that sum in twelve months, but conditional as to the payment of it sooner, by collateral security being made. The sense of the writing may be thus expressed : " In consideration of the bond of *John Edgerton,* this day, (*April* 22nd, 1814,) received, to indemnify *Peter Aspinwall* against the support of his wife, *Ruth,* for life, I, *Thomas Aspinwall,* promise to pay said *Edgerton* 300 dollars, in twelve months from this time, with annual interest till the principal is paid.   But if said *Edgerton* shall, prior to the expiration of said twelve months, give to *Peter Aspinwall* security to indemnify him, in real or personal estate, to the amount of 600 dollars ; then this note shall be paid within four days from the making of such security, and giving notice thereof; and if said *Edgerton* shall fully comply with the condition of said bond, 300 dollars more shall be paid to him."   To the defendant's promise to pay 300 dollars in twelve months, there is no condition, except one for the benefit of the plaintiff himself.   If the plaintiff has not performed that condition on his part, he must forego the benefit of it; he must be content to take his 300 dollars in twelve months ; but his right to *that* remains unimpaired ; he stands on as good ground as though no limitation in his favour had been made.   *Disborough* & al. v. *Neilson* & al. 3 *Johns. Ca.* 81.

2. That the plaintiff was, at any rate, entitled to recover the interest; which, by the terms of the note was to be paid annually, and unconditionally.   The defendant has, in fact, paid the interest, for two successive years ; thus furnishing evidence, by his own acts, of his understanding of the contract.

*Goddard* and *Brainard,* contra, contended, 1. That there was but one sum of 300 dollars, which the defendant agreed to pay to the plaintiff, and that was to be paid only on condition that the plaintiff should give security to *Peter Aspinwall,* to indemnify him for the support of *Ruth Aspinwall.*   This condi-

tion not having been performed, the plaintiff has no right of action for the principal of the note.

2. That there could be no recovery of interest, in this action; first, because the condition is attached to the payment of interest, as well as principal; secondly, because there is no count in the declaration, adapted to the recovery of interest, separate from the principal.

Hosmer, Ch. J. The contract in this case does not admit of one harmonious and consistent construction; it must, therefore, be examined in all its parts, that the intention of the parties may be ascertained, with all the precision possible.

In the first place, *Thomas Aspinwall*, the defendant, executed his promissory note to the plaintiff, *John Edgerton*, promising to pay him 300 dollars in twelve months from date, with annual interest until the principal should be paid. Thus far the engagement was absolute, both in relation to the sum payable, and the time of payment. In passing, I cannot but remark, that the stipulation to pay the interest annually, until the principal should be paid, would be both unusual and unnecessary, if the obligation were intended to be absolute, and payable at the expiration of a year from its date; for the promisee would have the right, after the note fell due, at all times, to coerce the payment of both principal and interest.

To the note is subjoined a condition, expressing the consideration on which it was given, and the agreement of the parties. It appears to have been made " for the purpose of indemnifying *Peter Aspinwall*, that his wife, *Ruth Aspinwall*, should not, in any way or manner, be chargeable to him."— It was not, then, an obligation to pay money in all events, but a contract of indemnity. The condition, in reference to the agreement, has this expression: " It is agreed and fully understood, that said note is to be paid within four days after such time, as the said *John Edgerton* shall secure to *Peter Aspinwall* 300 dollars more than the above note, either in real or personal estate." This presents the contract in a new aspect. Although it was to indemnify *Peter Aspinwall* from any indebtedness, which his wife should create, the promised sum of 300 dollars was to be paid into the hands of *Edgerton*, within four days after he should secure the said *Peter* a certain sum in property, real or personal. From this it results, that the

money was not payable to *Edgerton*, until he should make the security prescribed. This inference is confirmed, by the subsequent part of the condition, in the following words : " And said *John Edgerton* having, this day, given a bond to said *Peter*, for the above purpose," (that is, for the purpose of indemnity) " if said *John* shall fulfil on his part, or at the decease of said *Ruth*, the above note is to be paid to the said *John*, with the above additional sum of 300 dollars, to him or his heirs."— Although the condition of the bond is not set forth, it is a fair presumption, that it obliged *Edgerton* to convey the real or personal estate before mentioned to *Peter Aspinwall*, and that this was the fulfilment referred to, in the preceding sentence. On the best consideration I am able to give an agreement so inartificial and confused, I am convinced, that the transfer of the real and personal estate, is a condition precedent to the accruing of a cause of action on the note in suit ; and as this fact has not taken place, the defendant, so far as relates to the principal of the note, has not violated his contract.

But in reference to the interest, *that* is due by express agreement. *That*, the defendant has engaged to pay *annually*, until the principal is paid ; and although the principal sum should not ever be payable, the engagement to pay the interest is too explicit to be denied.

I would grant a new trial, on the ground that the plaintiff has right to the interest on the note remaining unpaid.

The other Judges were of the same opinion.

New trial to be granted.